UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 06-10023-RWZ

MAURICE J. FAGAN

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

June 20, 2017

ZOBEL, S.D.J.

    Petitioner Maurice J. Fagan moves this court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. He claims that in light of the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II") and Welch v. United States, 136 S. Ct. 1257 (2016), he is no longer an armed career criminal under the Armed Career Criminal Act of 1984 ("ACCA"). Specifically, he contends that after these decisions, two of his prior convictions, assault and battery with a dangerous weapon ("ABDW") and assault and battery ("A&B")[1] do not qualify as "violent felonies" such that they lead to his classification as an armed career criminal. See 18 U.S.C. § 924(e)(1)–(2). The government maintains that because Fagan has five prior convictions for "serious drug offenses," he remains an armed career criminal.

---

[1] In his motion and memorandum, Fagan lists his prior convictions as Assault with a Dangerous Weapon and Simple Assault. See Docket ## 81, at 5; 82, at 1. However, the presentence investigation report lists his prior convictions as including ABDW and A&B. See PSR ¶¶ 52, 53, 55.

**I.    Background**

As relevant to the instant motion, on March 18, 2008, Fagan was convicted by a jury of possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), and being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1).  Prior to his trial, the government filed two Informations, pursuant to 21 U.S.C. § 851, giving notice that it would seek increased punishment based on the following criminal convictions:

1. Manufacturing/Distribution/Dispense of Class B Substance, Mass. Gen. Laws ch. 94C, § 32A; date of conviction 07/20/1992.

2. Possession with Intent to Distribute Class B Substance, Mass. Gen. Laws ch. 94C, § 32A; date of conviction 09/21/1993.

3. Possession of Class B Substance with Intent to Distribute/Manufacture, Mass. Gen. Laws ch. 94C, § 32A, and Conspiracy to Violate the Controlled Substance Laws, Mass. Gen. Laws ch. 94C, § 40; date of conviction 09/21/1993.

4. Distribution/Manufacturing of a Class B Substance, Mass. Gen. Laws ch. 94C, § 32A; date of conviction 09/24/1996.

5. Distribution/Manufacturing of a Class B Substance, Mass. Gen. Laws ch. 94C, § 32A; date of conviction 09/24/1996.

See Docket ## 42, 44, 45; see also Presentence Investigation Report ("PSR") ¶¶ 47–51.

Fagan was sentenced on June 11, 2008.  At sentencing, the court found that his United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range was 262 to 327 months of imprisonment.  See Docket # 80, at 3.  This range was based on the Career Offender Guideline, U.S.S.G. §§ 4B1.1, 4B1.2, with Fagan's five prior drug convictions as well as his ABDW and A&B convictions qualifying him as a career offender.  See PSR ¶ 59.  These same underlying convictions qualified Fagan as an armed career

criminal under the ACCA, see PSR ¶ 60, which meant that he faced a mandatory minimum sentence of 15 years (180 months) of imprisonment.

The government recommended 262 months of imprisonment, and Fagan asked for the 15-year mandatory minimum under the ACCA. The court noted that Fagan went to trial and so was not getting a reduction in his Guidelines range for acceptance of responsibility. See Docket # 80, at 7. Fagan went to trial, the court recalled, "only because he was facing a life sentence and literally had nothing to lose." Id. The court stated that "under other circumstances [it] would say he is entitled to acceptance of responsibility," in which case his Guidelines range would have been 168 to 210 months of imprisonment. Id. at 8. The court found that to be "a more rational guideline," and accounting for this Guidelines range as well as Fagan's "lengthy record," sentenced Fagan to 210 months — 17.5 years — of imprisonment. Id.

On June 21, 2016, petitioner filed the instant § 2255 motion seeking to vacate and correct his sentence in light of Johnson II. See Docket # 81.[2]

## II.   Standard

Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released upon the ground that [a] sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). This "statute was intended to

---

[2] Notwithstanding this court's June 30, 2016, order that the government must respond within 21 days, see Docket # 83, the government made no response until May 11, 2017, at which point it requested a motion for an extension of time until June 2, 2017. Docket # 87. Fagan had filed two letters requesting a status update on his case in the interim. See Docket ## 84, 85. In the government's motion, it stated that it "only became aware of the defendant's motion and the Court's Order this week, as the two AUSAs originally assigned to this case had departed the office well before the defendant filed his motion." Docket # 87, at 1. The court granted the government's motion, and the government filed its response on June 1, 2017. Docket ## 88, 89.

provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence, save only in those few instances in which the statutory remedy proved 'inadequate or ineffective to test the legality of his detention.'" Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting 28 U.S.C. § 2255(e)). A prisoner seeking to challenge a sentence under § 2255 must bring the motion within a one-year limitations period, which, as relevant here, runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

### III. Discussion

Under the ACCA, a defendant convicted of being a felon in possession of a firearm or ammunition who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," faces a mandatory minimum sentence of 15 years of imprisonment. See 18 U.S.C. § 924(e)(1); see also Johnson II, 135 S. Ct. at 2555.

Fagan argues that his ABDW and A&B convictions do not qualify as "violent felonies" after Johnson II, and so he is not an armed career criminal under the ACCA. At the time Fagan was sentenced, a "violent felony" was defined as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "Clause (i) is sometimes referred to as the 'force

4

clause.' . . . The portion of clause (ii) following the enumerated offenses is known as the 'residual clause.'" United States v. Holloway, 630 F.3d 252, 256 (1st Cir. 2011) (citations omitted). In Johnson II, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. See 135 S. Ct. at 2557. The Court held that Johnson II applied retroactively to cases on collateral review in Welch. See 136 S. Ct. at 1268.

However, regardless of the status of Fagan's ABDW and A&B convictions, his five prior drug convictions are "serious drug offense[s]," and so he is still subject to the 15-year mandatory minimum sentence. Under the ACCA, "a serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Fagan's drug convictions were all under Massachusetts General Laws chapter 94C, § 32A, which carries a potential maximum penalty of ten years of imprisonment in state prison. See Mass. Gen. Laws ch. 94C, § 32A; United States v. Moore, 286 F.3d 47, 49 (1st Cir. 2002) ("The relevant state statute here, Mass. Gen. Laws ch. 94C, § 32A(a), allows for a maximum possible penalty of ten years' incarceration, and, thus, fits comfortably within the ambit of 'serious drug offense' as that term is defined in 18 U.S.C. § 924(e)(2)(A)(ii)."). Each conviction was committed on a separate occasion. See Docket ## 42-2, at 2–3; 42-3, at 2–3; 42-4, at 2; 45-2, at 14; 45-3, at 4; PSR ¶¶ 47–51. Therefore, Fagan's drug convictions provide at least three (and in this case five) predicate convictions, such that he qualifies as an armed career criminal. This

would be the case whether or not Johnson II changed the status of his ABDW and A&B convictions.

**IV.      Conclusion**

For the reasons above, Fagan still qualifies as an armed career criminal under the ACCA.  His motion (Docket # 81) is DENIED.

**V.       Ruling on Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I find that this case is not appropriate for the issuance of a certificate of appealability because Fagan has failed to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

Fagan is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  See Rule 11(a), Rules Governing Section 2255 Proceedings.

|  |  |
|---|---|
|     June 20, 2017     |     /s/Rya W. Zobel     |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |